UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-1424-B |
| | § | |
| KOLAWOLE H. ALIYU, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Default Judgment (doc. 11), filed on July 9, 2014. After review of the pleadings and evidence, the Court **GRANTS** Plaintiff's Motion.

### I.

### BACKGROUND

The United States of America ("United States"), Plaintiff, filed its Complaint with this Court on April 14, 2014. Doc. 1, Pl.'s Compl. The Complaint states that Defendant Kolawole H. Aliyu ("Aliyu") executed promissory notes (the "Notes") to secure four loans, each in the amount of $2,500, from the Dallas Teachers Credit Union. *Id.* ¶ 5. The loans were allegedly disbursed for $2,500 each, with interest accruing at 9% per annum. *Id.* ¶ 6. The United States claims that Aliyu did not make the required payments on this debt and is therefore in default of the loan obligations. *Id.*

Though service was executed as to Aliyu on June 2, 2014, Aliyu has yet to file an answer or otherwise appear in this case. Doc. 8. As a result, upon the United States' request, the Clerk of Court issued an entry of default against Aliyu on July 7, 2014. Docs. 9, 10. The United States filed

its present Motion for Default Judgment on July 9, 2014, seeking $35,143.60 as well as interest accruing at the rate of $2.79 per day. Doc. 11-1, Pl.'s Mot., APP 1, Certificate of Indebtedness. More than twenty-one days have passed since this filing, and Aliyu has not responded. The Motion is now ripe for the Court's review.

## II.

## LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b)(2). Through the entry of default judgment, the "conduct on which liability is based may be taken as true as a consequence of the default." *Frame v. S-H Inc.*, 967 F.2d 194, 205 (5th Cir. 1992) (citations omitted). In considering a motion for default judgment, the court accepts as true the well-pleaded allegations of facts in the complaint. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

In determining whether a default judgment should be entered against a defendant, courts have developed a two-part analysis. *See, e.g., Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *2–3 (S.D. Tex. Oct. 5, 2011). First, the court must consider whether entry of default judgment is appropriate under the circumstances. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include: (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged

to set aside the default on the defendant's motion. *Id.* Second, the court must assess the merits of the plaintiff's claims and find sufficient basis in the pleadings for the judgment. *Nishimatsu Constr.*, 515 F.2d at 1206. Although the defendant may be in default, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* An additional prerequisite to obtaining a default judgment is that plaintiff must certify that the defendant is not serving in the military. 50 U.S.C. app. § 521(b)(1).

## III.

## ANALYSIS

A.   *Whether the Entry of Default Judgment is Appropriate*

In considering the six factors outlined in *Lindsey*, the Court finds they weigh in favor of granting a default judgment. Aliyu has not filed any responsive pleadings in the present matter. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). Aliyu's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing [the United States'] interests." *Ins. Co. of the W.*, 2011 WL 4738197, at *3 (citing *Lindsey*, 161 F.3d at 893). In addition, there is no evidence before the Court to indicate that Aliyu's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Indeed, Aliyu has had over six months to respond to the United States' Complaint and over three months to respond to the present Motion, and still Aliyu has filed nothing with the Court. *Cf. Elite v. KNR Group*, 216 F.3d 1080, 2000 WL 729378, at *1 (5th Cir. May 19, 2000) (per curiam) (holding default judgment to be inappropriate where defendant sent letter to court explaining that failure to appear was due to financial privation). Aliyu's failure to respond during this time therefore

"mitigat[es] the harshness of a default judgment." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013). Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Aliyu. *Lindsey*, 161 F.3d at 893. Therefore, the Court concludes that default judgment is appropriate under these circumstances.

B.   *Whether There is a Sufficient Basis for Judgment in the Pleadings*

Due to Aliyu's default, the allegations set forth in the United States' Complaint are deemed to have been admitted. Nonetheless, the Court must review the pleadings to determine whether the United States can establish a viable claim for relief. *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover").

The United States asserts that Aliyu failed to make the required payments on loans obtained between February 23, 1983 and August 29, 1985 and is therefore in default on the loan obligations. Pl.'s Compl. ¶¶ 5–6. In order for judgment to be entered allowing the United States to recover on the Notes, it must establish that (1) Aliyu executed the Notes; (2) the United States is the present holder of the Notes; and (3) the Notes are in default. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001); *F.D.I.C. v. McCrary*, 977 F.2d 192, 194 n.5 (5th Cir. 1992); *United States v. Chapa*, No. C-07-005, 2007 WL 4198387, at * 1, (S.D. Tex. Nov. 23, 2007).

Appended to the United States' Complaint are copies of the Notes as well as a copy of the certificate of indebtedness (the "Certificate of Indebtedness"), which the United States also offers in support of its Motion for Default Judgment. Pl.'s Compl., Ex. A, Notes; Ex. B, Certificate of Indebtedness; *see also* Pl.'s Mot., APP 1, Certificate of Indebtedness.

After considering the filings and evidence presented, the Court concludes that the United States has established the prerequisites for recovering on the Notes. The copies of the Notes indicate that Aliyu executed promissory notes on February 23, 1983, July 22, 1983, September 4, 1984, and August 29, 1985, each securing a loan of $2,500 from the Dallas Teachers Credit Union. Pl.'s Compl., Ex. A, Notes. The United States further presents a Certificate of Indebtedness issued by the U.S. Department of Education, which explains that "[t]he loan obligation was guaranteed by Texas Guaranteed Student Loan Corporation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 et seq. (34 C.F.R. Part 682)." *Id.*, Ex. B, Certificate of Indebtedness. Following Aliyu's default on the Notes on February 15, 1990, the holder filed a claim on the loan guarantee. *Id.* As a result of the default, the guaranty agency paid a claim of $11,342.66 to the holder. *Id.* Pursuant to its reinsurance agreement, the Department of Education subsequently reimbursed the guarantor for the claim payment *Id.* Because the guarantor made a payment on a default claim, the entire amount paid became due to the guarantor as principal, in accordance with 34 C.F.R. § 682.410(b)(4). *Id.* The guarantor attempted to collect this debt from Aliyu but was unable to do so. *Id.* Consequently, on July 7, 1997, it assigned its right and title to the loan to the Department of Education. *Id.* The Certificate of Indebtedness concludes that, after application of all credits, Aliyu owes the United States $11,342.65 in principal and $23,800.95 in interest, totaling $35,143.60. *Id.* Additionally, interest accrues on the principal balance at the rate of $2.79 per day. *Id.*

Through this documentation, the United States has established that Aliyu executed the Notes, that the United States is the current holder of the Notes, and that the Notes are in default.

Furthermore, the United States has presented an affidavit demonstrating that Aliyu is not currently in the military service, thus fulfilling the requirement set forth in 50 U.S.C. app. § 521(b)(1). Pl.'s Mot., APP 2, Decl. in Support of Default J.; *Id.*, APP 3, Status Report Pursuant to Servicemembers Civil Relief Act. Accordingly, the Court concludes that the United States' Complaint provides sufficient basis for judgment and **GRANTS** its Motion for Default Judgment with respect to Aliyu's liability under the Notes.

C.  *Relief Sought*

In its Motion for Default Judgment, the United States requests judgment in the amount of $35,143.60, with interest accruing after February 25, 2014 at the rate of $2.79 per day. Pl.'s Mot., APP 1, Certificate of Indebtedness.[1]

"A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages." *Ins. Co. of the W.*, 2011 WL 4738197, at *4 (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 521, 524–25 (5th Cir. 2002); *U.S. for Use of M-CO Constr., Inc. v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987)). Damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

Here, the United States affirms that its claim is for "a sum certain" and provides a sworn

---

[1] Although the United States' Complaint requested post-judgment interest, its Motion for Default Judgment only seeks recovery of the sum designated in the Motion's appended documents, which do not mention post-judgment interest but request damages in the amount of $35,143.60, with interest accruing after February 25, 2014 at the rate of $2.79 per day. Pl.'s Compl. 3; Pl.'s Mot. 1, APP 1, Certificate of Indebtedness.

declaration reflecting Aliyu's indebtedness and default on the loan obligations. Pl.'s Mot. 1; *Id.* at APP 1, Certificate of Indebtedness. The United States also presents a Certificate of Indebtedness demonstrating that Aliyu executed promissory notes on February 23, 1983, July 22, 1983, September 4, 1984, and August 29, 1985, each securing a loan of $2,500 from the Dallas Teachers Credit Union. *Id.* The Certificate further explains that the loans were disbursed on February 23, 1983, July 25, 1983, September 5, 1984, and August 30, 1985, respectively, each accruing at 9% interest per annum. *Id.* The United States maintains that, as a result of the default on the loans, Aliyu owes $11,342.65 in principal and $23,800.95 in interest, totaling a debt of $35,143.60 as of February 25, 2014. *Id.*

After reviewing the filings and the calculations involved in computing the stated debt under the Notes, the Court finds that the United States had presented sufficient evidence to justify the damages sought. *United Artists*, 605 F.2d at 857. Therefore, the Court **GRANTS** the United States' Motion for Default Judgment with respect to the damages award.

## IV.

## CONCLUSION

For the above-stated reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment (doc. 11) and will issue a Judgment for the following:

- $35,143.60, which represents $11,342.65 in principal and $23,800.95 in interest; and
- pre-judgment interest on the principal balance beginning February 25, 2014 and accruing at the rate of $2.79 per day until the debt is satisfied.

SO ORDERED.

SIGNED: November 4, 2014.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE